**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SHEILA THOMPSON<br>and DENNIS THOMPSON, | ) CASE NO.:  4:21-cv-01257-HEA<br>) |
| | ) |
| Plaintiffs, | ) [Removed from the Circuit Court of St.<br>) Louis County, Missouri, Case No. 21SL-<br>) CC04272] |
| | ) |
| v. | ) |
| | ) |
| NETFLIX, INC, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| _____ | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................... 1

II.    BACKGROUND .............................................................................................. 2

     A.    Netflix's Streaming Service and Terms of Use ........................................ 2

     B.    The Petition ............................................................................................ 3

III.   LEGAL STANDARD...................................................................................... 4

IV.   ARGUMENT .................................................................................................. 5

     A.    Plaintiffs Fail to State a Claim Under the MMPA ..................................... 5

          1.    Plaintiffs Have Not Alleged the Misrepresentation or Concealment of a Material Fact Under the MMPA ............................... 6

          2.    Plaintiffs Have Not Alleged an Ascertainable Loss Under the MMPA .......... 8

     B.    Netflix's Terms of Use Are Not Illusory Under Delaware or Missouri Law ............. 10

     C.    The Petition Should Also Be Dismissed for Failure to Comply with Fed. R. Civ. P. 8(a) ................................................................................. 12

V.    CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................4

*Baryo v. Philip Morris USA, Inc.*,
   435 F. Supp. 2d 961 (W.D. Mo. 2006) ...................................................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................4, 12

*Blakley v. UBS Fin. Servs., Inc.*,
   No. 12-30, 2013 WL 360378 (S.D. Ohio Jan. 30, 2013) .......................................11

*Block v. Dakota Nation Gaming Comm'n*,
   No. 16-01054, 2017 WL 1745469 (D.S.D May 3, 2017) .......................................13

*Bowles v. All Ctys. Inv. Corp.*,
   46 S.W.3d 636 (Mo. Ct. App. 2001).....................................................................6, 7

*Colton v. Hibbett Sporting Goods, Inc.*,
   No. 16-04002, 2016 WL 3248578 (W.D. Mo. June 13, 2016)...............................11

*Courchene v. Citibank*,
   No. 06-4026, 2006 WL 2192110 (W.D. Mo. Aug. 1, 2006) ...................................5

*Donelson v. Ameriprise Fin. Servs., Inc.*,
   999 F.3d 1080 (8th Cir. 2021) ...............................................................................11

*Dudley v. Costco Wholesale Corp.*,
   No. 19-00757, 2019 WL 7480510 (W.D. Mo. Nov. 21, 2019) ..............................13

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005)...........................................................................................5, 12

*Edelist v. MBNA Am. Bank*,
   790 A.2d 1249 (Del. Super. Ct. 2001) ..................................................................11

*Erickson v. Pardus*,
   551 U.S. 89 (2007)..................................................................................................12

*Fredrick v. Bensen Aircraft Corp.*,
   436 S.W.2d 765 (Mo. Ct. App. 1968).................................................................1, 6

*Goetsch v. Shell Oil Co.*,
    197 F.R.D. 574 (W.D.N.C. 2000) ................................................................10

*Grawitch v. Charter Commc'ns, Inc.*,
    No. 12-01990-AGF, 2013 WL 253534 (E.D. Mo. Jan. 23, 2013), *aff'd*,
    750 F.3d 956 (8th Cir. 2014) ...................................................................8

*Hammond v. Floor & Decor Outlets of Am., Inc.*,
    No. 19-01099, 2020 WL 6459642 (M.D. Tenn. Nov. 3, 2020) ....................................11

*Haywood v. Massage Envy Franchising, LLC*,
    No. 16-01087, 2017 WL 2546568 (S.D. Ill. June 12, 2017), *aff'd*,
    887 F.3d 329 (7th Cir. 2018) ...................................................................8

*Johnson v. Special Sch. Dist. of St. Louis Cty.*,
    No. 17-2802-SNLJ, 2018 WL 2298822 (E.D. Mo. May 21, 2018) .................................4

*Kelly v. Cape Cod Potato Chip Co.*,
    81 F. Supp. 3d 754 (W.D. Mo. 2015) ......................................................6, 7

*Khaliki v. Helzberg Diamond Shops, Inc.*,
    No. 11-00010, 2011 WL 1326660 (W.D. Mo. Apr. 6, 2011) .....................................5

*Lavender v. Wolpoff & Abramson, L.L.P.*,
    No. 07-0015, 2007 WL 2507752 (W.D. Mo. Aug. 30, 2007) ....................................5

*Limo Land, Inc. v. Metro Worldwide, LLC*,
    No. 21-03016, 2021 WL 950663 (W.D. Mo. Mar. 12, 2021) ....................................8

*Polk v. KV Pharm. Co.*,
    No. 09-00588-SNLJ, 2011 WL 6257466 (E.D. Mo. Dec. 15, 2011) ..........................8, 9

*Rockwell v. Chase Bank*,
    No. 10-1602, 2011 WL 2292353 (W.D. Wash. June 7, 2011) ...................................10

*Schaaf v. Residential Funding Corp.*,
    517 F.3d 544 (8th Cir. 2008) ...................................................................5

*Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7*,
    747 F.2d 1195 (8th Cir.1984) ...................................................................4

*Summerhill v. Terminix, Inc.*,
    637 F.3d 877 (8th Cir. 2011) ...................................................................5

*Thompson v. Allergan USA, Inc.*,
    993 F. Supp. 2d 1007 (E.D. Mo. 2014) ....................................................8, 9

*Trudeau v. Google LLC*,
    349 F. Supp. 3d 869 (N.D. Cal. 2018), *aff'd*,
    816 F. App'x 68 (9th Cir. 2020) .........................................................................11

*Uhle v. Sachs Elec.*,
    831 S.W.2d 774 (Mo. Ct. App. 1992)................................................................7

*Young v. United Fruit & Produce Co.*,
    No. 20-403-RLW, 2020 WL 5943020 (E.D. Mo. Oct. 7, 2020)......................12

*Zhang v. UnitedHealth Grp.*,
    367 F. Supp. 3d 910 (D. Minn. 2019) ..............................................................11

**Statutes**

Mo. Rev. Stat. § 407.020 ("MMPA") .......................................................... *passim*

Mo. Rev. Stat. § 407.025.1 .............................................................................6, 8

**Other Authorities**

Fed. R. Civ. P. 8................................................................................1, 4, 12, 13

Fed. R. Civ. P. 9....................................................................................1, 4, 5, 8

Fed. R. Civ. P. 12(b)(6)..........................................................................1, 4, 8

Restatement (Second) of Contracts § 170 (Am. L. Inst. 1981)...........................7

Defendant Netflix, Inc. ("Netflix") respectfully submits this Memorandum in Support of its Motion to Dismiss the Petition for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6).

## I.    INTRODUCTION

Plaintiffs' confusing Petition conflates two distinct bodies of the law—whether Plaintiffs' contract with Netflix is "illusory" (which is a defense to a breach of contract claim) and, if so, whether Netflix's use of that contract violates the Missouri Merchandising Practices Act, Missouri Revised Statute Section 407.020 ("MMPA").  Plaintiffs' first claim dooms the second though: whether Plaintiffs' contract with Netflix is illusory unquestionably involves a legal conclusion, and cannot possibly serve as a predicate "unlawful act" under the MMPA.  *See Fredrick v. Bensen Aircraft Corp.*, 436 S.W.2d 765, 770 (Mo. Ct. App. 1968) (explaining "it is the law in Missouri that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law").  Moreover, the Petition never explains what information was allegedly misrepresented or concealed from Plaintiffs nor does it identify any "representation" about the enforceability of the provisions in the Terms of Use.  Certainly, the challenged provision (paragraph 9.6) was available to Plaintiffs and the public for review before, during, and after Plaintiffs used the Netflix service. Plaintiffs' claim therefore fails as a matter of law regardless of the factual allegations and should be dismissed.

Even if there was some validity to Plaintiffs' legal theory, and there is not, Plaintiffs have not adequately alleged any ascertainable loss of money or property as a result of the unlawful act, which is a required element under the MMPA.  Plaintiffs' bare allegation that they "paid monies to Netflix purportedly subject to Netflix's invalid Terms and Conditions . . .  which comprise an ascertainable loss of money" (Pet. ¶ 13) is conclusory and insufficient.  Plaintiffs do not allege, for

example, that the Netflix service was somehow worth less than what Plaintiffs actually received or that Plaintiffs paid more than they otherwise would have "but for" the allegedly illusory contract. Given the unique nature of the Netflix service, any such allegation would be implausible, at best.

In any event, Plaintiffs' claims have a more fundamental problem:  contracts which allow for modification following notice, like Plaintiffs' contract with Netflix, are not illusory.  Here, the terms that govern Plaintiffs' membership with Netflix provide:

> Netflix may, from time to time, change these Terms of Use.  Such revisions shall be effective immediately; provided however, for existing members, such revisions shall, unless otherwise stated, ***be effective 30 days after posting***.

Pet. Ex. A § 9.6 (emphasis added).  Because this clause is enforceable, there is no basis for Plaintiffs' legal assertion that their contract with Netflix is unenforceable or illusory, let alone that Netflix somehow violated the MMPA.

Finally, by conflating contract enforceability issues with statutory issues under the MMPA, the Petition fails to provide Defendant and the Court fair notice of Plaintiffs' claims.  For example, the Petition is vague as to the specific causes of actions alleged and fails to plead facts supporting the elements for any cause of action.

## II.     BACKGROUND

### A.     Netflix's Streaming Service and Terms of Use

Netflix provides a "personalized subscription service that allows [its] members to access movies and [television] shows" over the public Internet to "Netflix ready devices" that include "certain internet-connected TV's, computers and other devices" in the United States, including in Missouri.  Pet. ¶ 3, Ex. A.  The Netflix service is for members' "personal and non-commercial use only."  Pet. Ex. A § 4.2.

As part of their subscription, Netflix members agree to Netflix's "Terms of Use."  Pet. ¶ 4, Ex. A.  Under these terms, members have the right to cancel their "membership at any time."  Pet. Ex. A § 3.4.  Following cancellation, members retain "access to the Netflix service through the end of [the] billing period."  *Id.*  Further, any change by Netflix to the "price and subscription plans" "takes effect following notice to" its members.  Pet. Ex. A § 3.5.  Similarly, Netflix's Terms of Use specifies that any revisions to the Terms are "effective 30 days after posting."  Pet. Ex. A § 9.6. Netflix's Terms of Use are updated frequently, as the exhibits to the Petition reflect.  *See* Pet. Exs. A-H (attaching multiple versions of Netflix's Terms of Use that were posted between 2011 and 2019).

### B.    The Petition

On September 13, 2021, Plaintiffs filed a putative class action petition captioned *Sheila Thompson and Dennis Thompson v. Netflix, Inc.*, Case No. 21SL-CC04272, in the Circuit Court of St. Louis County, Missouri.  On October 19, 2021, Netflix removed the action to this Court.

In their Petition, Plaintiffs allege that "Plaintiffs and all other Netflix subscribers [who] purchased services and content from Netflix" are subject to Netflix's Terms and Conditions.  Pet. ¶¶ 13-14.  Plaintiffs contend that "Netflix's Terms and Conditions are not enforceable . . . because Netflix purported to grant itself the power to amend and change the Terms and Conditions which renders any agreement illusory and invalid."  Pet. ¶¶ 10-11.  Plaintiffs then allege that Netflix's use of its "Terms and Conditions" "constitutes a deception, fraud, misrepresentation, and also constitutes the concealment, suppression, of a material fact" (Pet. ¶ 12), in violation of "§ 407.020 R.S. Mo and other states' consumer protection laws" (Pet. ¶ 13).

Plaintiffs purport to assert claims on behalf of a class of "all customers of Netflix from 5 years ago to the date of judgment." Pet. ¶ 20. The Petition does not allege when Plaintiffs were Netflix members, nor when they viewed or agreed to Netflix's Terms of Use.

## III.   LEGAL STANDARD

Netflix moves to dismiss the Petition under Rules 12(b)(6), 8(a) and 9(b). "The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions 'which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.'" *Johnson v. Special Sch. Dist. of St. Louis Cty.*, No. 17-2802-SNLJ, 2018 WL 2298822, at *1 (E.D. Mo. May 21, 2018) (citation omitted). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (citations omitted). However, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Rule 8 requires that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In construing a pleading, the court must consider whether the pleading provides notice of the claims being asserted against the defendant. *See Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7*, 747 F.2d 1195, 1197 (8th Cir.1984). "The complaint must 'provide a defendant with some indication of the loss and the causal

connection that the plaintiff has in mind.'" *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

Plaintiffs' claim under the MMPA—the only cause of action alleged on the face of the Petition (Pet. ¶ 12)—must also satisfy the heightened pleading requirements of Rule 9(b).  Because "fraudulent conduct of some sort is an element of [an] MMPA claim[]" (*Baryo v. Philip Morris USA, Inc.*, 435 F. Supp. 2d 961, 968 (W.D. Mo. 2006)), courts in this Circuit consistently hold the MMPA is subject to Rule 9(b).  *Lavender v. Wolpoff & Abramson, L.L.P.*, No. 07-0015, 2007 WL 2507752, at *2 (W.D. Mo. Aug. 30, 2007); *Khaliki v. Helzberg Diamond Shops, Inc.*, No. 11-00010, 2011 WL 1326660, at *2-3 (W.D. Mo. Apr. 6, 2011); *Courchene v. Citibank*, No. 06-4026, 2006 WL 2192110, at *2 (W.D. Mo. Aug. 1, 2006).  Plaintiffs must therefore "state with particularity the circumstances constituting fraud" (Fed. R. Civ. P. 9(b)), including "the who, what, when, where, and how" of the alleged fraudulent conduct.  *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (citation omitted).

## IV.   ARGUMENT

### A.   Plaintiffs Fail to State a Claim Under the MMPA

It appears Plaintiffs' only cause of action is a violation of the MMPA, as no other specific laws or claims are identified.  Pet. ¶¶ 10-13.  The MMPA prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce."  Mo. Rev. Stat. § 407.020.1.  To state a claim under the MMPA, a plaintiff must allege that it: "(1) purchased merchandise from the defendant; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of defendant's use of one of the methods, acts, or practices

declared unlawful by the Act." *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 757 (W.D.

Mo. 2015) (citing Mo. Rev. Stat. § 407.025.1).  "A court may dismiss a claim as a matter of law

where the claim fails to show a likelihood that the method, act, or practice alleged to be unlawful

would mislead a reasonable consumer."  Mo. Rev. Stat. § 407.025.1.

### 1.    Plaintiffs Have Not Alleged the Misrepresentation or Concealment of a Material Fact Under the MMPA

Plaintiffs' claim under the MMPA is based on the legal contention that Netflix's Terms of

Use—a contract—is illusory and thus not enforceable.  Specifically**,** Plaintiffs assert their contract

with Netflix is illusory under Missouri law because paragraph 9.6 of Netflix's Terms of Use allows

Netflix, in its sole discretion, to make modifications to its Terms of Use.  Pet. ¶ 11.  Plaintiffs then

argue this legal conclusion (which is normally a defense to a contract claim) is a deceptive or

concealed "fact" that constitutes fraud under the MMPA.  Pet. ¶ 12 ("Netflix's use, assertion,

representations, and publication of its Terms and Conditions constitutes a deception, fraud,

misrepresentation, and also constitutes the concealment, suppression, *of a material fact (as the*

*Terms And Conditions are invalid and not enforceable)*." (emphasis added)).  In other words,

Plaintiffs contend Netflix violated the MMPA by "misrepresenting" and/or "concealing" the

alleged legal conclusion that the Company's Terms of Use are illusory.

This theory fails as a matter of law for multiple reasons.  *First*, a legal conclusion is not a

"fact" that can be misrepresented or concealed under Missouri law.  *See, e.g.*, *Fredrick*, 436

S.W.2d at 770 (explaining "it is the law in Missouri that fraud cannot be predicated upon

misrepresentations of law or misrepresentations as to matters of law"). "That rule is based on the

principle that everyone is presumed to know the law and is bound to take notice of the law and,

therefore, in legal contemplation, cannot be deceived by representations concerning the law or

permitted to say he has been misled." *Bowles v. All Ctys. Inv. Corp.*, 46 S.W.3d 636, 639-40 (Mo.

Ct. App. 2001) (citation omitted); *Uhle v. Sachs Elec.*, 831 S.W.2d 774, 778 (Mo. Ct. App. 1992) (under Missouri law, "it has been consistently held that an action for fraud cannot be based upon a misrepresentation of law").

 *Second*, even if a legal conclusion could be a "fact" under the MMPA, the Petition does not explain how Netflix misrepresented, concealed, suppressed, or omitted this "fact" from Plaintiffs. Pet. ¶ 12.  The provision that Plaintiffs condemn, paragraph 9.6, was available for Plaintiffs to review before, during, and after Plaintiffs joined Netflix.  Pet. Ex. A § 9.6.  As noted above, Missouri law presumes familiarity with the law.  *Bowles*, 46 S.W.3d at 639.  And if Plaintiffs had any question about the legal implication or enforceability of this provision, they were free to consult counsel about the clause or forego joining Netflix altogether.  *See generally* Restatement (Second) of Contracts § 170 cmt. b (Am. L. Inst. 1981) ("[A]s between the two parties to a contract, the recipient is ordinarily expected to draw his own conclusions or to seek his own independent legal advice.").

 *Third*, contrary to the suggestion in the Petition (Pet. ¶ 12), Netflix made no "representations" about the enforceability of the provisions in its Terms of Use.  On the contrary, the Terms of Use contemplate disagreement as to the enforceability of its terms.  Specifically, paragraph 9.5 of Netflix's Terms of Use states: "If any provision or provisions of these Terms of Use shall be held to be invalid, illegal, or unenforceable, the validity, legality and enforceability of the remaining provisions shall remain in full force and effect."  Pet. Ex. A § 9.5.

 Because Plaintiffs have not alleged how Netflix "misrepresented" or "concealed" its publicly available Terms of Use, and instead rely on conclusory allegations that merely recite the elements of the MMPA, their claims fail.  *See Kelly*, 81 F. Supp. 3d at 761 (finding plaintiff's conclusory allegations of misrepresentation "fail[ed] to state particularized facts in support of the

claim for relief"); *Limo Land, Inc. v. Metro Worldwide, LLC*, No. 21-03016, 2021 WL 950663, at

*3 (W.D. Mo. Mar. 12, 2021) (dismissing, under Rule 9, a fraud claim for failure to "plead the

who, what, when, where, and how" of the alleged fraudulent conduct (citation omitted)).

### 2.  Plaintiffs Have Not Alleged an Ascertainable Loss Under the MMPA

In addition to pleading an unlawful act, a plaintiff must also allege an "ascertainable loss"

under the MMPA. *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1012 (E.D. Mo. 2014).

The alleged loss must be described "with sufficiently definitive and objective evidence to allow the

loss to be calculated with a reasonable degree of certainty."  Mo. Rev. Stat. § 407.025.1.  Plaintiffs

have failed to plead an ascertainable loss.

"Missouri courts apply the 'benefit of the bargain' rule when determining if a plaintiff has

suffered an ascertainable loss under the MMPA."  *Polk v. KV Pharm. Co.*, No. 09-00588-SNLJ,

2011 WL 6257466, at *5 (E.D. Mo. Dec. 15, 2011).  "The 'benefit of the bargain' rule awards a

prevailing party the difference between the value of the product as represented and the actual value

of the product as received."  *Thompson*, 993 F. Supp. 2d at 1012; *Haywood v. Massage Envy

Franchising, LLC*, No. 16-01087, 2017 WL 2546568, at *9 (S.D. Ill. June 12, 2017) (dismissing

MMPA claims under Rule 12(b)(6) because "there is no evidence to suggest that Holt paid more

for the massage than it is worth, and therefore, Holt has not alleged that MEF's advertising caused

any ascertainable loss of money or property"), *aff'd*, 887 F.3d 329 (7th Cir. 2018); *Grawitch v.

Charter Commc'ns, Inc.*, No. 12-01990-AGF, 2013 WL 253534, at *3 (E.D. Mo. Jan. 23, 2013)

(finding absence of ascertainable loss because "the upgraded service was provided for free and not

at an increased cost"), *aff'd*, 750 F.3d 956 (8th Cir. 2014).  There must also be a causal connection

between the loss and the alleged unlawful practice.  *Haywood*, 2017 WL 2546568, at *9.

In *Thompson*, the court found plaintiff failed to state a claim under the MMPA because she did not plead ascertainable loss.  993 F. Supp. 2d at 1013.  There, the plaintiff alleged the defendant's single-use vial contained more medication than was necessary for a single dosage, and that if the defendant had made smaller quantities of medication, the prescriptions would be less expensive.  *Id.* at 1012.  The court found the plaintiff bargained for a single dosage of medication, received a single dosage, and the medication performed as a single dosage—thus, the plaintiff suffered no loss under the benefit of the bargain rule.  *Id.*  The court went one step further, finding that even if the benefit of the bargain rule were not applicable, plaintiff still had not established ascertainable loss because she had no plausible case to support her theory that a smaller vial of medication would have cost less.  *Id.*

Similarly, the plaintiff in *Polk* alleged that the medication he received was adulterated and therefore completely worthless.  2011 WL 6257466, at *5.  The *Polk* court found that plaintiff "has asserted only the legal conclusion of product defect due to 'adulteration.'" *Id.*  Under the benefit of the bargain rule, plaintiff had to, but "failed to specifically allege or set forth any facts indicating the subject Medication was anything less tha[n] what it purported to be." *Id.* at *6.  As a result, the *Polk* court found that "[p]laintiff's conclusory allegation that the Medication was adulterated and therefore worthless, without any factual support . . . , is insufficient to meet the ascertainable loss requirement for stating a claim under the MMPA." *Id.*

Here, Plaintiffs allege that they "paid monies to Netflix purportedly subject to Netflix's invalid Terms and Conditions . . . which comprise an ascertainable loss of money."  Pet. ¶ 13. Similar to the plaintiffs in *Thompson* and *Polk*, Plaintiffs here fail to allege the necessary but-for. That is, they fail to allege that they paid more than they would have absent Defendant's alleged wrongful conduct, and that the above-value price paid resulted solely from Netflix's invalid Terms

of Use.  Rather, Plaintiffs vaguely request "a refund of the amounts paid by member of the class."

Pet. at Prayer for Relief (c).  That does not sufficiently plead that Plaintiffs paid more for the

Netflix service than it is worth.  Nor does it sufficiently plead that Plaintiffs would have paid less

absent the allegedly illusory contract.  Plaintiffs bargained for access to the Netflix service and

received the Netflix service.  As such, Plaintiffs suffered no loss under the benefit of the bargain

rule and their MMPA claim should be dismissed.

### B.      Netflix's Terms of Use Are Not Illusory Under Delaware or Missouri Law

In addition to failing to state a claim under the MMPA, Plaintiffs' claims fail for a more

fundamental reason:  Netflix's Terms of Use are not illusory.  Although the Petition correctly

explains that Netflix has discretion to amend its Terms of Use from time-to-time (Pet. ¶ 11), the

Petition ignores the key provision regarding notice.  Specifically, Paragraph 9.6 provides:

> "Netflix may, from time to time, change these Terms of Use.  Such revisions shall be
> effective immediately; provided however, for existing members, such revisions shall,
> unless otherwise stated, ***be effective 30 days after posting***."

Pet. Ex. A § 9.6 (emphasis added).

This provision is fatal to Plaintiffs' claim.  Under Delaware law, which governs Plaintiffs'

contract with Netflix, contracts that allow for modification with notice are enforceable and not

illusory.[1]  *See, e.g.*, *Rockwell v. Chase Bank*, No. 10-1602, 2011 WL 2292353, at *13 (W.D. Wash.

June 7, 2011) (under Delaware law, no illusory promise where notification of any changes in the

terms of the agreement was required); *Goetsch v. Shell Oil Co.*, 197 F.R.D. 574, 576 (W.D.N.C.

2000) (applying Delaware law, finding the agreement with a provision that allows for the "right to

---

[1] As provided under Section 9.1 of Netflix's Terms of Use, Delaware law governs the contract.  *See*
Pet. Ex. A § 9.1. Governing Law ("These Terms of Use shall be governed by and construed in
accordance with the laws of the state of Delaware, U.S.A. without regard to conflict of laws
provisions.")

change the terms of this Agreement at any time" to be enforceable); *see generally Edelist v. MBNA Am. Bank*, 790 A.2d 1249, 1257-58 (Del. Super. Ct. 2001) ("Delaware statutory law . . . permits . . . unilaterally amend[ing] agreements by notice and an opt-out provision.").  Courts have reached the same conclusion under Missouri law.  *See, e.g.*, *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091 (8th Cir. 2021) (finding agreement enforceable where right to change agreement was limited by requiring "'acknowledgement and agreement' by Donelson in the form of 'use of [his] account'" (citation omitted)); *Colton v. Hibbett Sporting Goods, Inc.*, No. 16-04002, 2016 WL 3248578, at *3 (W.D. Mo. June 13, 2016) ("A promise is binding rather than illusory if neither 'party retains the unilateral ability to avoid its contractual obligations.'"); *Hammond v. Floor & Decor Outlets of Am., Inc.*, No. 19-01099, 2020 WL 6459642, at *7 (M.D. Tenn. Nov. 3, 2020) (applying Missouri law, finding provision that permitted modification with advance notice not illusory).

Moreover, courts have found "posting" to be a sufficient means of providing notice.  *See, e.g.*, *Zhang v. UnitedHealth Grp.*, 367 F. Supp. 3d 910, 914-16 (D. Minn. 2019) (policy not illusory where the modification provision that required "30 days notice . . . effected by the posting of the notice" limited the ability to modify the terms); *Blakley v. UBS Fin. Servs., Inc.*, No. 12-30, 2013 WL 360378, at *7 (S.D. Ohio Jan. 30, 2013) ("[T]he amendment provision . . . does not make the arbitration provision unenforceable as defendant is required to provide notice by posting any changes on its internal intranet."); *Trudeau v. Google LLC*, 349 F. Supp. 3d 869 (N.D. Cal. 2018) (upholding the right to modify where notice of change provided through "posting"), *aff'd*, 816 F. App'x 68 (9th Cir. 2020).  As such, Netflix's Terms of Use, which allows Netflix the ability to modify its Terms, subject to notice to its members, is not illusory and enforceable.

C.    **The Petition Should Also Be Dismissed for Failure to Comply with Fed. R. Civ. P. 8(a)**

Although the Petition is not a model of clarity, Netflix has attempted to construe the allegations in a light most favorable to Plaintiffs' attempt to assert a claim under the MMPA. To the extent Plaintiffs attempt to reframe the Petition as alleging something other than a violation of the MMPA, the Petition would fall short of Rule 8(a).

Under Fed. R. Civ. P. 8, pleadings must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *Dura Pharms.*, 544 U.S. at 346-47 ("[w]e concede that ordinary pleading rules are not meant to impose a great burden upon a plaintiff," but allegations must still give fair notice). Where the court or the parties must speculate about the nature of the claims, or where the court or the parties need to frame those claims for the pleading party, the pleading is deficient. *See Young v. United Fruit & Produce Co.*, No. 20-403-RLW, 2020 WL 5943020, at *3 (E.D. Mo. Oct. 7, 2020) (dismissed under Rule 8 where "the Court cannot understand what claims Plaintiff asserts and whether any are valid").

Here, as in *Young*, Plaintiffs do not set forth separate claims or counts to identify their causes of actions, let alone articulate the elements and factual support for any cause of action. Plaintiffs assert that "Netflix's use, assertion, representations, and publication of its Terms and Conditions constitutes a deception, fraud, misrepresentation, and also constitutes the concealment, suppression, of a material fact." Pet. ¶ 12. The Petition fails to articulate the required elements, let alone the factual support, for any of these potential causes of action. Plaintiffs also assert that Netflix's actions "had been declared unlawful by Section 407.020 R.S.Mo. and other states' consumer protection laws." Pet. ¶ 13. The Petition does not state when or where the supposedly illegal contractual provision were declared unlawful by Section 407.020 nor does it identify or

allege what "other states' consumer protection laws" are implicated.  *See Block v. Dakota Nation Gaming Comm'n*, No. 16-01054, 2017 WL 1745469, at *2 (D.S.D May 3, 2017) ("It is unreasonable to expect the defendants and the Court to correctly guess which particular federal or gaming law the plaintiff is relying upon."); *Dudley v. Costco Wholesale Corp.*, No. 19-00757, 2019 WL 7480510, at *2 (W.D. Mo. Nov. 21, 2019) (dismissing complaint under Rule 8 where "the Court is forced to speculate" as to plaintiffs' claims).

The Federal Rules of Civil Procedure properly place the burden on Plaintiffs to provide Defendant notice of their claims, and Plaintiffs have failed to do so.

## V.     CONCLUSION

Netflix respectfully requests that the Court dismiss Plaintiffs' Petition.


Dated: November 30, 2021

Respectfully submitted,

BERRY SILBERBERG STOKES PC

/s/ Robert P. Berry
Robert P. Berry, #46236 (MO)
Carol M. Silberberg, #217658 (CA)
David C. Baxter, #62165 (MO)
16150 Main Circle Drive, Suite 120
St. Louis, Missouri 63017
Telephone: (314) 480-5881
Facsimile: (314) 480-5884
Email: rberry@berrysilberberg.com
        csilberberg@berrysilberberg.com
        dbaxter@berrysilberberg.com

*Attorneys for Defendant Netflix Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2021, the foregoing was submitted  electronically for filing through this Court's CM/ECF system to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Robert P. Berry*

-14-